IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIA ELENA GALVEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:20-CV-0238-D |
| | § | |
| KLLM TRANSPORT SERVICES LLC, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Maria Elena Galvez ("Galvez") moves to strike counter-affidavits and testimony submitted by defendants KLLM Transport Services LLC ("KLLM") and Charles Waldo ("Waldo"). For the reasons that follow, the court denies the motion.

I

Galvez brought this action in state court to recover damages incurred due to a collision between a vehicle driven by Galvez and a vehicle owned by KLLM and driven by Waldo. Defendants removed the lawsuit to this court. In March 2020 Galvez filed notice that she had served affidavits regarding her medical bills pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (Vernon 2019). One month later, defendants filed notice that they had served counter-affidavits (the "Chapman affidavits") authored by Marc Chapman ("Chapman"), also regarding Galvez's medical bills.

Galvez now moves to strike the Chapman affidavits and to preclude Chapman from testifying at trial. According to Galvez, the Chapman affidavits do not meet the procedural requirements for a counter-affidavit under § 18.001(b).[1] She also argues that Chapman offers only conclusory opinions and does not qualify as a testifying expert; therefore, the affidavits should be stricken and Chapman should be precluded from testifying as an expert under *Daubert*.[2]

Defendants contend that § 18.001 does not apply in this federal action, even though the court has diversity jurisdiction. Therefore, the Chapman affidavits need not comply with the procedural requirements of §18.001(b). Defendants also maintain that Galvez's *Daubert* challenge fails as premature because they have not designated Chapman as a testifying expert and because Chapman is qualified to opine on the reasonableness and necessity of Galvez's medical bills.[3]

---

[1] Section 18.001(b) provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[3] KLLM has also filed a motion for leave to file a surreply in opposition to Galvez's motion to strike the Chapman affidavits. Because the court has not considered KLLM's proposed surreply in deciding Galvez's motion, it denies KLLM's motion for leave.

II

The court turns first to Galvez's motion to strike the Chapman affidavits and testimony under § 18.001.

As Galvez acknowledges, this court has recently held that § 18.001 is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship. *Jones v. QuikTrip Corp.*, 2020 WL 6169967, at *1-2 (N.D. Tex. Oct. 20, 2020) (Fitzwater, J.). Other judges of this court have held similarly. *See, e.g., Baird v. Shagdarsuren*, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) (Boyle, J.); *Jenkins v. Kroger Tex. L.P.*, No. 3:20-CV-0033-E, order at 2 (N.D. Tex. July 21, 2020) (Brown, J.) (order) ("The Texas Supreme Court has held that section 18.001 affidavits are 'purely procedural' matters. Accordingly, section 18.001 is inapplicable in this federal diversity case." (internal citations omitted)); *Newby v. Kroger Co.*, 2020 WL 3963740, at *2 (N.D. Tex. July 11, 2020) (Godbey, J.) ("[T]he Texas Supreme Court's 2018 decision in [*Gunn v. McCoy*, 554 S.W.3d 645, 672, 674 (Tex. 2018),] persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of Evidence 302."). On this basis, this court has recently struck billing affidavits filed under the § 18.001 procedure. *Jones*, 2020 WL 6149967, at *2.

Because the procedures of § 18.001 do not apply in this federal action, the court denies Galvez's motion to strike the Chapman affidavits to the extent the motion seeks to do so under § 18.001. The court acknowledges that Galvez has also filed affidavits using the

- 3 -

procedure of § 18.001. For the same reasons, Galvez likewise cannot invoke § 18.001 to rely on the affidavits she has filed.

### III

The court now turns to Galvez's *Daubert* challenge.

This court "typically considers *Daubert*-type challenges in cases of this type after the expert's deposition has been taken." *Klein v. Fed. Ins. Co.*, 2014 WL 6885973, at *1 (N.D. Tex. 2014) (Fitzwater, J.). This is because it is sometimes helpful to examine how a proposed expert's opinions have been tested at his deposition, and sometimes it is necessary to await the development of evidence at trial before deciding whether an expert's opinion testimony is relevant or reliable. *Id.*

The court holds that Galvez's *Daubert*-type challenge to the Chapman affidavits is premature. Defendants have not yet even disclosed Chapman as a testifying expert or served an expert report that Chapman has authored. Accordingly, the court denies without prejudice Galvez's motion to the extent it presents a *Daubert*-type challenge.

\* \* \*

For the reasons explained, the court denies Galvez's motion to strike.

**SO ORDERED**.

January 12, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE