IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARIA ELENA GALVEZ, §
 §
 Plaintiff, §
 § Civil Action No. 3:20-CV-0238-D
VS. §
 §
KLLM TRANSPORT SERVICES LLC, §
et al., §
 §
 Defendants. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiff Maria Elena Galvez ("Galvez") moves anew to exclude the testimony of Marc Chapman ("Chapman"), whom defendants KLLM Transport Services LLC and Charles Lynn Waldo intend to offer as an expert witness at trial. Concluding that the renewed motion (although filed on the date such motions were due) is still premature, the court denies it without prejudice.[1]

I

The relevant background facts and procedural history of this case are set out in a prior memorandum opinion and order. *See Galvez v. KLLM Transp. Servs. LLC* (*Galvez I*), 2021

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

WL 101514, at *1 (N.D. Tex. Jan. 12, 2021) (Fitzwater, J.).[2] The court will therefore briefly supplement the relevant procedural history.

In November 2020 Galvez moved to strike the counter-affidavits and testimony of Chapman. To the extent the motion presented a *Daubert*[3] challenge, the court denied it without prejudice as premature. *Id.* at *2.[4] The court explained that it "typically considers *Daubert*-type challenges in cases of this type after the expert's deposition has been taken." *Id.* (quoting *Klein v. Fed. Ins. Co.*, 2014 WL 6885973, at *1 (N.D. Tex. Dec. 8, 2014) (Fitzwater, J.)). The court also noted that defendants had "not yet even disclosed Chapman as a testifying expert or served an expert report that Chapman ha[d] authored." *Id.*

Galvez now renews her *Daubert* challenge to Chapman's testimony, asserting that because Chapman has been formally retained and defendants have confirmed that his § 18.001 counter-affidavits function as his expert report, her request for relief is ripe. Defendants respond that the motion is still premature because Galvez has not even requested Chapman's deposition. Galvez counters that the scheduling order governing this case requires motions of this type to be filed no later than March 8, 2021, the date she filed the instant motion.

---

[2]Because the court denies Galvez's motion as premature, it need not reach the merits of the motion.

[3]*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[4]The court also denied Galvez's motion to strike to the extent the motion relied on Tex. Civ. Prac. & Rem. Code Ann. § 18.001 (West 2019), holding that § 18.001 did not apply to this federal court action. *Galvez I*, 2021 WL 101514, at *2.

II

The court holds that Galvez's motion to exclude Chapman's testimony under *Daubert* is still premature. Although defendants have now served Chapman's expert designation and reports, and Galvez filed her motion on the date such motions were due, Chapman still has not been deposed. *See Klein*, 2014 WL 6885973, at *1 (explaining that court's typical preference for considering *Daubert*-type challenges is after expert's deposition has been taken).

III

Under the March 9, 2020 scheduling order, the catch-all deadline for filing motions (including a motion like this one) was March 8, 2021.[5] Galvez filed the instant motion on that day, undoubtedly to ensure that it was timely. Although this approach was reasonable from a scheduling-compliance standpoint, the court nevertheless prefers under its typical practice that the motion be filed after the expert (Chapman) has been deposed.

According to the parties' April 22, 2021 joint status report, they intend to mediate on June 8, 2021, and anticipate requesting a trial continuance of 3 to 6 months and an extension of the discovery deadline. Assuming the case does not settle at the June mediation and that the parties do move for a continuance, they should propose a new deadline (after Chapman's deposition is taken) for filing *Daubert* motions.

---

[5]Other deadlines were extended on November 10, 2020 , but this one was not.

* * *

For the reasons explained, the court denies without prejudice as premature Galvez's renewed *Daubert* motion to exclude expert testimony.

**SO ORDERED**.

May 17, 2021.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE